# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

NESTI THOMOLLARI, individually and on behalf
of all others similarly situated,

    Plaintiffs,

 v.                                                            Case No. 17-CV-533

CMRE FINANCIAL SERVICES, INC.,

    Defendant.

## DECISION AND ORDER ON PLAINTIFFS'
## MOTION FOR RECONSIDERATION

      Nesti Thomollari filed a class action complaint against CMRE Financial Services, Inc., alleging violations of the Fair Debt Collection Practices Act ("FDCPA") based on actions taken by CMRE in the course of collecting a debt allegedly owed to Great Lakes Anesthesia & Pain Spec. (Compl., Docket # 1.) CMRE moved to dismiss Thomollari's complaint pursuant to Fed. R. Civ. P. 12(b)(6) on the grounds that he failed to state a claim upon which relief can be granted and I granted CMRE's motion. Presently before me is Thomollari's motion for reconsideration pursuant to Fed. R. Civ. P. 59(e). For the reasons I explain below, Thomollari's motion is denied.

      Rule 59(e) allows a party to move the court for reconsideration of a judgment within 28 days following the entry of the judgment. A motion for reconsideration serves a very limited purpose in federal civil litigation; it should be used only "to correct manifest errors of law or fact or to present newly discovered evidence." *Rothwell Cotton Co. v. Rosenthal & Co.*, 827 F.2d 246, 251 (7th Cir. 1987) (quoting *Keene Corp. v. Int'l Fidelity Ins. Co.*, 561 F.

Supp. 656 (N.D. Ill. 1982), *aff'd* 736 F.2d 388 (7th Cir. 1984)). "A 'manifest error' is not demonstrated by the disappointment of the losing party. It is the 'wholesale disregard, misapplication, or failure to recognize controlling precedent.'" *Oto v. Metropolitan Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000) (quoting *Sedrak v. Callahan*, 987 F. Supp. 1063, 1069 (N.D. Ill. 1997)). Apart from manifest errors of law, "reconsideration is not for rehashing previously rejected arguments." *Caisse Nationale de Credit Agricole v. CBI Industries, Inc.*, 90 F.3d 1264, 1270 (7th Cir. 1996). Whether to grant a motion for reconsideration "is left to the discretion of the district court." *Id.*

Thomollari does not present newly discovered evidence; rather, he argues that the decision and order dismissing his complaint contains manifest errors of law. Specifically, he argues that that the order (1) misapplied Seventh Circuit precedent applicable in FDCPA actions; (2) misconstrued Thomollari's arguments and drew inferences in favor of the moving party when other reasonable inferences in plaintiff's favor existed; and (3) dismissed the complaint without giving Thomollari leave to re-plead.

Thomollari's first argument is simply citation to Seventh Circuit authority cautioning courts against dismissing FDCPA actions at the Rule 12(b)(6) stage. In the order, I noted that the Seventh Circuit has cautioned district courts to "tread carefully" before holding that a dunning letter is not confusing as a matter of law when ruling on a Rule 12(b)(6) motion. (Docket # 17 at 8.) I held, however, that Thomollari's complaint presented a case that was so clear on its face that not even a significant fraction of the population would be misled by it. *See Zemeckis v. Glob. Credit & Collection Corp.*, 679 F.3d 632, 636 (7th Cir. 2012). Thomollari's disagreement with my holding does not constitute a manifest error of law.

Next, Thomollari argues that the order interpreted disputed facts and drew reasonable inferences against the plaintiff. In so arguing, Thomollari raises for the first time on reconsideration the argument that the unsophisticated consumer could interpret the letter's statement that the consumer's written request "should refer to the . . . statement date" as effectively shortening the 30-day validation period because the unsophisticated consumer would understand the 30-day validation period as beginning with the statement date rather than the date the consumer receives the letter. (Docket # 22 at 9.) However, a motion for reconsideration is an improper vehicle to introduce new legal theories. *See Bally Export Corp. v. Balicar, Ltd.*, 804 F.2d 398, 404 (7th Cir. 1986).

Thomollari also cites to several cases from the Northern District of Illinois in support of his position. *See Bowse v. Portfolio Recovery Assocs., LLC*, 218 F. Supp. 3d 745 (N.D. Ill. Nov. 2, 2016); *Paz v. Portfolio Recovery Assocs., LLC*, 2016 U.S. Dist. LEXIS 160779 (N.D. Ill. Nov. 21, 2016); *Emerson v. Fid. Capital Holdings, Inc.*, 2015 U.S. Dist. LEXIS 107091 (N.D. Ill. Aug. 14, 2015). Setting aside the fact that these cases were available to Thomollari at the time he filed his brief in opposition to the defendant's motion, the cases are inapposite. *Bowse*, *Paz*, and *Emerson* do not address claims of overshadowing; rather, they address what constitutes an effective "dispute" of a debt. None of these cases show a manifest error of law. Thomollari also takes issue with my interpretation of *DeKoven v. Plaza Assocs.*, 599 F.3d 578, 582 (7th Cir. 2010) and *Zemeckis*. But again, Thomollari's disagreement with the order does not rise to the level of a manifest error of law.

Finally, Thomollari argues that judgment should not have been entered in this case. Rather, he should have been given the opportunity to amend his complaint. He cites *Runnion ex rel. Runnion v. Girl Scouts of Greater Chicago & Nw. Indiana*, 786 F.3d 510, 519 (7th

Cir. 2015) in support, where the Seventh Circuit said that it has repeatedly stated that a "plaintiff whose original complaint has been dismissed under Rule 12(b)(6) should be given at least one opportunity to try to amend her complaint before the entire action is dismissed" and that when "a district court denies a plaintiff such an opportunity, its decision will be reviewed rigorously on appeal." The *Runnion* court also stated, however, though rare, there are cases where "it is clear that the defect cannot be corrected so that amendment is futile" and in such cases "it might do no harm to deny leave to amend and to enter an immediate final judgment." *Id.* at 520.

This is one of those rare cases where amendment would be futile. It is unclear what allowing Thomollari to re-plead would accomplish. The dunning letter will not change. Nor will Thomollari's assertion that the dunning letter violated 15 U.S.C. §§ 1692g(a), 1692e and 1692e(10) of the FDCPA. Thomollari was not required to plead his legal theory, i.e., that the language in question overshadowed the validation notice and is confusing to the unsophisticated consumer. *See King v. Kramer*, 763 F.3d 635, 642 (7th Cir. 2014) ("[A] plaintiff need not plead legal theories in her complaint.").

He now argues that he should be allowed to amend his complaint in order to assert a new overshadowing argument—that the dunning letter's statement that the consumer's written request "should refer to the . . . statement date" effectively shortens the 30-day validation period because the unsophisticated consumer would understand the 30-day validation period as beginning with the statement date rather than the date the consumer receives the letter. (Docket # 24 at 10.) But this is simply a new legal theory, not new facts or a new cause of action. Again, it is unclear how the complaint would change.

Because Thomollari has failed to meet his burden of showing a manifest error of law or fact, his motion for reconsideration is denied.

## ORDER

**NOW, THEREFORE, IT IS HEREBY ORDERED** that the plaintiffs' motion for reconsideration (Docket # 20) is **DENIED**.

Dated at Milwaukee, Wisconsin this 27th day of October, 2017.

BY THE COURT

*s/Nancy Joseph*
NANCY JOSEPH
United States Magistrate Judge